

| | THE CITY OF NEW YORK | |
|---|---|---|
| **JAMES E. JOHNSON** | **LAW DEPARTMENT** | **JORGE M. MARQUEZ** |
| *Corporation Counsel* | 100 CHURCH STREET<br>NEW YORK, NY 10007 | *Senior Counsel*<br>Phone: (212) 356-2336<br>Fax: (212) 356-3558<br>Email: jmarquez@law.nyc.gov |

April 28, 2020

VIA E.C.F.
Honorable Mary Kay Vyskocil
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  4/29/2020
```

      RE:    Vardell Hughes v. City of New York, et al.,
              18 Civ. 9380 (MKV) (KNF) (SDNY)

Your Honor:

      I am a Senior Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney representing defendants City of New York, Lieutenant Carlos Fabara, Police Officer Stephen Malvagna, and Police Officer John Campanella in the above referenced action. For the reasons set forth below, the parties submit this joint request to: (1) extend the current discovery deadline from May 22, 2020, to August 20, 2020; and (2) adjourn the post-discovery conference scheduled for June 9, 2020, to September 7, 2020. This is the parties' first joint application to extend the discovery deadline and the fifth request to extend the discovery deadline overall. (See E.C.F. No. 58.) The Court granted the four previous extension requests.

      As an initial matter, the parties note that on April 21, 2020, the deposition of the complaining witness, Gamaliel Arroyo, was held remotely and via video conference. Thus, a material issue that occupied a portion of the Court's attention has been resolved. (See e.g., E.C.F. Nos. 46, 61, 63, 64.) Notwithstanding the parties' attempts to move this case forward, Defendants note that they have been unable to follow-up on several document requests reflected in the Plaintiff's prior extension request given the current ongoing pandemic. (E.C.F. No. 58.) Specifically, Plaintiff has requested color photographs of Plaintiff's mug shot during arrest processing, as well as information related to the destruction of electronically stored evidence –

namely, 911 calls, recordings of police radio transmissions, and various photographs taken by Officer Malvagna – in connection with Plaintiff's arrest. These items constitute the outstanding matters in discovery.

As the Court is already aware, the country is currently grappling with the COVID-19, or coronavirus, pandemic. On March 7, 2020, Governor Andrew Cuomo declared that New York is in a state of emergency because of the rapidly developing pandemic situation. On March 13, 2020, Mayor Bill de Blasio followed suit, and declared New York City to be in a state of emergency as well. That same day, the United States District Court for the Southern District of New York ("Southern District") issued Standing Order 20 MISC 154, which encouraged individual judges to conduct court proceedings by phone and video conferencing where practicable. Also, on March 13, 2020, the Southern District issued Standing Order 20 MISC 0153, which suspended and tolled service of process requirements and deadlines in pro se matters. On March 16, 2020, the Southern District issued a Revised Standing Order further limiting access to courthouses. On March 20, 2020, Governor Andrew Cuomo, issued Executive Order No. 202.8, which, *inter alia*, prohibited all non-essential employees from going into the workplace.

In light of pronouncements from government and judicial officials, associated policies, expert recommendations, and the further spread of COVID-19, the New York City Law Department, along with the majority of employers in New York City and State, has advised that individuals should work from home as much as is practicable to ensure compliance with public policy directives, and to protect individuals from further community spread of the virus. Of course, working from home creates a number of challenges that directly impact litigation, including, inter alia, our ability to review case files that are in the office and contain documents that may not be available in electronic form, as well as our office's ability to procure new documents and meet with clients.

Consequently, Defendants inform the Court that the Defendants' ability to provide Plaintiff with a date certain of the Defendants' response to these requests cannot be made at this juncture given the current uncertainty surrounding the resumption of the New York Police Department's ("N.Y.P.D.'s") normal operations. Nevertheless, Defendants anticipate that they will be able to provide clarity in the coming weeks once the N.Y.P.D.'s operations begin to normalize.

The parties, therefore, respectfully request that the Court: (1) extend the current discovery deadline from May 22, 2020, to August 20, 2020; and (2) adjourn the post-discovery conference scheduled for June 9, 2020, to September 7, 2020.

                                        Respectfully submitted,

                                        *Jorge M. Marquez* /s/
                                        Senior Counsel
                                        Special Federal Litigation Division

cc: VIA E.C.F.
Cyrus Joubin
Email: cyrus.joubin@gmail.com

> It is hereby ORDERED that the current discovery deadline is extended by a period of sixty (60) days until July 21, 2020 without prejudice to any further request for an extension. The post-discovery status conference scheduled for June 9, 2020 is adjourned *sine die*. The parties are instructed to file a joint status report on discovery no later than July 1, 2020 that should include a statement as to whether additional time is required and the basis for such a request.
> SO ORDERED.
>
> Date: 4/29/2020
> New York, New York
>
> Mary Kay Vyskocil
> United States District Judge